66   665
168s   49
66   665
175s 307

# The Board of Trustees of the University of Illinois v. James D. Bruner.

1.  SCHOOLS—*Not Hostile to Each Other.*—There is no such rivalry between educational institutions that service with one is to be regarded as hostile to another, and the fact that a plaintiff has worked for another university during the time of his employment is not a defense in a suit against a university for salary due under the terms of a contract, where the plaintiff rendered all the service which he promised, and all that the defendant asked.

2.  UNIVERSITY OF ILLINOIS—*May be Sued.*—The Board of Trustees of the University of Illinois may sue and be sued.

**Assumpsit,** for salary. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

## STATEMENT OF THE CASE.

Appellee was elected in 1893 a professor in the faculty of appellant, at a salary of $1,800 a year, and served acceptably for one year, receiving all of his pay therefor. He also served during the second year until about the first of June, when, having previously tendered his resignation, to take effect at the end of the year, September 1, 1895, the usual summer vacation having begun, he went away and

shortly thereafter, in July and August, was employed by, worked for, and was paid by the University of Chicago.

Appellant having failed to pay his salary for July and August, he brought this suit.

It was claimed on the trial, and is insisted here, that appellee, having accepted service with, and compensation from, another, was not entitled to compensation from appellant for the months of July and August.

It was also claimed there and is insisted here, that appellant, being a State institution, is exempt from suits by any party, to the same extent as other State institutions.

The court below gave appellee judgment for the amount of his salary for July and August.

CUNNINGHAM & BOGGS, attorneys for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It appears that June, July and August were, with the University of Illinois, vacation months, during which, under the terms of his employment by appellant, appellee was not expected nor asked to render service.

For this period he was free to spend his time in idleness, in cultivating his own or a neighbor's farm, or teaching his own or his friends' children.

Such being the case, he was at liberty to work for the University of Chicago, and whether it paid him for his services or he gave them without compensation, is to appellant immaterial.

Appellee has rendered to appellant all that he promised, as well as all that it asked.

There is no such rivalry between educational institutions that service with one is to be regarded as hostile to another. All are engaged in a common cause; each ought to, and does, wish the other well.

Appellant is capable of suing and being sued.

The judgment of the Superior Court is affirmed.